#36

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

HILLSIDE AVENUE PRESERVATION
ASSOCIATION,

        Plaintiff,

v.

BOARD OF TRUSTEES FOR THE VILLAGE
OF AIRMONT, PLANNING BOARD FOR THE
VILLAGE OF AIRMONT, ZONING BOARD OF
APPEALS FOR THE VILLAGE OF AIRMONT,
SALVATORE CORALLO, as Acting
Commissioner for the Rockland
County Department of Planning, and
THE ROCKLAND COUNTY DEPARTMENT OF
PLANNING,

        Defendants,

        and

CONGREGATION MISCHKNOIS LAVIER
YAKOV, INC., RABBI ABRAHAM KATZ, JOEL
GROSS, CHAIN GROSS, and MOISHE
WEINBERGER,

        Intervenor-Defendants.

05 Civ. 6099 (SCR)

MEMORANDUM DECISION
AND ORDER



---

**STEPHEN C. ROBINSON, United States District Judge.**

Hillside Avenue Preservation Association ("Hillside") commenced this action against the Board of Trustees for the Village of Airmont (the "Board of Trustees"), the Planning Board for the Village of Airmont (the "Planning Board"), the Zoning Board of Appeals for the Village of Airmont (the "Zoning Board"), Salvatore Corallo, the Acting Commissioner for the Rockland County Department of Planning, and the Rockland County Department of Planning ("RCDP")

05 Civ. 6099 (SCR) 2

(collectively, the "defendants"). Hillside originally filed the case in New York Supreme Court for the State of New York, County of Rockland, and the defendants removed the case to federal court pursuant to 28 U.S.C. § 1446(b). Hillside seeks an order vacating the stipulation of settlement entered into on January 24, 2005, in *Congregation Mischknois Lavier Yakov, Inc. et al. v. Board of Trustees for the Village of Airmont et al.*, No. 02 Civ. 5642 (SHS) [hereinafter *Congregation Mischknois*], on the ground that the stipulation violates State law.[1]

The stipulation of settlement in *Congregation Mischknois* was entered into between the Board of Trustees, the Planning Board, the Building Inspector for the Village of Airmont, the RCDP, and James J. Yarmus—who were the plaintiffs in that action—and Congregation Mischknois Lavier Yakov, Inc., Rabbi Abraham Katz, Joel Gross, Chain Gross, and Moishe Weinberger—who were the defendants in *Congregation Mischknois* and are the Intervenor-Defendants in this case.

As relevant here, the stipulation of settlement in *Congregation Mischknois* required the RCDP to issue to the Village of Airmont a recommendation, pursuant to New York General Municipal Law, with respect to the *Congregation Mischknois* plaintiffs' land-use application. The stipulation of settlement also prohibited the RCDP from issuing a recommendation disapproving the land-use application on the basis that the application did not comply with the Airmont Zoning Code.

Following the entry of the stipulation of settlement, the plaintiffs in *Congregation Mischknois* moved to vacate, pursuant to Rule 60 of the Federal Rules of Civil Procedure, a judgment incorporating the settlement between the parties. The plaintiffs argued that the judgment was void because the stipulation underlying it was contrary to State law. On March 29, 2007, this Court denied that motion. On November 26, 2008, the Court of Appeals for the

---

[1] Familiarity with the underlying facts and procedural history is presumed.

Second Circuit affirmed this Court's ruling. *See Congregation Mischknois Lavier Yakov, Inc. et al. v. Board of Trustees et al.*, 301 Fed. App'x 14, 2008 WL 5077012 (2d Cir. Nov. 2, 2008) [hereinafter *Congregation Mischknois II*].

Following in the footsteps of the plaintiffs in *Congregation Mischknois*, Hillside contends that the stipulation of settlement violates a plethora of New York State laws, and it brought this action seeking its vacatur.[2] After the defendants removed this case to federal court, the RCDP and Mr. Corallo[3] moved to dismiss, pursuant to Rule 12(b)(6), Hillside's claims against them. This Court stayed the motion pending the Second Circuit's decision in *Congregation Mischknois II*, and, that decision having now been rendered, the motion is ready for resolution.

In its Complaint, Hillside contends that the RCDP violated N.Y. General Municipal Law § 239-m. Section 239-m(5), entitled "[c]ounty planning agency or regional planning council review of proposed actions; recommendation, report," provides:

> (a) The county planning agency or regional planning council shall review any proposed action referred for inter-community or county-wide considerations, including but not limited to those considerations identified in section two hundred thirty-nine-l of this article. *Such county planning agency or regional planning council shall recommend approval, modification, or disapproval, of the proposed action, or report that the proposed action has no significant county-wide or inter-community impact.*
>
> (b) *Such county planning agency or regional planning council, or an authorized agent of said agency or council, shall have thirty days after receipt of a full statement of such proposed action*, or such longer period as may have been agreed upon by the county planning agency or regional planning council and the referring

---

[2] The Intervenor-Defendants, by letter dated February 28, 2009, have joined in the RCDP's motion to dismiss under Rule 12(b)(6). Subsequently, the Intervenor-Defendants moved to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that Hillside lacks standing to maintain this action—a motion that, if granted, would deprive this Court of subject-matter jurisdiction. The Court therefore shall defer its decision on the instant 12(b)(6) motion by the Intervenor-Defendants until after a decision is reached on the lack of standing claim. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.").

[3] For convenience the Court shall refer to the RCDP and Mr. Corallo as RCDP.

> body, *to report its recommendations to the referring body, accompanied by a statement of the reasons for such recommendations.* If such county planning agency or regional planning council fails to report within such period, the referring body may take final action on the proposed action without such report. However, any county planning agency or regional planning council report received after thirty days or such longer period as may have been agreed upon, but two or more days prior to final action by the referring body, shall be subject to the provisions of subdivision five of this section.

N.Y. GEN. MUN. LAW § 239-m(4) (emphasis added). According to Hillside, the stipulation of settlement *itself* constituted a recommendation "revers[ing]" the RCDP's previous recommendation. Notice of Petition ¶ 60. Because the RCDP entered into the stipulation of settlement, which itself reversed the RCDP's previous recommendation, without issuing a concomitant "statement of the reasons" for its recommendation, *see* Notice of Petition ¶ 60, Hillside contends that the RCDP violated section 239-m(4)(b).

Even assuming, *arguendo*, that section 239-m(4)(b) *required* the RCDP to issue a statement of reasons along with its recommendation—a proposition that is far from clear given the statutory language and the case law[4]—the Court cannot accept Hillside's argument. Hillside misconstrues the effect of the stipulation of settlement. It is evident from the plain language of the stipulation that it, by itself, does not reverse or modify the RCDP's previous decision. The stipulation merely sets forth the timeline and parameters for the RCDP's issuance of a

---

[4] Section 239-m(4)(b) states that a "county planning agency or regional planning council," such as the RCDP, "shall have thirty days" after receiving the "full statement of . . . proposed action . . . to report its recommendations to the referring body, accompanied by a statement of the reasons" for its recommendations. The statute thus is permissive, not mandatory. It does not state, for example, that the county planning agency "shall within thirty days" report its recommendations along with a statement of reasons. Indeed, section 239-m(4)(b) then goes on to provide that if the county planning agency "fails to report" its recommendation within the allotted time period, "the referring body may take final action on the proposed action without such report." *See also Voelckers v. Guelli*, 466 N.E.2d 764, 766-68 (N.Y. 1983) (holding that section 239-m(5), requiring a supermajority vote by the referring body before the referring body may "act contrary" to the county planning agency's recommendation of modification or disapproval, is inapplicable if the county planning agency's modification or disapproval was ineffective due to a failure to send the accompanying statement in writing). Ultimately, the Court need not resolve this issue here.

recommendation reversing or modifying its prior decision. Specifically, section four of the stipulation of settlement states:

> *Within thirty (30) days after submission by the Village of a "full statement of proposed action"* (but in no event more than sixty (60) days from the date of the execution of this Stipulation, provided the Village promptly submits said statement to the County), *the Rockland County Planning Department shall, pursuant to the New York General Municipal Law, issue its report and recommendations with respect to the proposed action.* The County Defendants shall not issue a report disapproving the proposed action on the basis that it does not comply with the Airmont Zoning Code. The County Defendants shall, if appropriate, apply all provisions of relevant local, state and federal law to said Application. *Defendant Planning Commission shall after said due consideration of Plaintiffs' Application pursuant to law promptly transmit its appropriate report, recommendations or other transmittal as required to the Village Defendants and the Plaintiff Yeshiva as well as other appropriate entities or individuals.*

Stipulation of Settlement, *Congregation Mischknois*, No. 02 Civ. 5642 (SHS) (docket entry number 41) (emphasis supplied). The stipulation of settlement itself therefore does not reverse or modify the RCDP's prior decision; instead, it requires the RCDP to issue a recommendation after the Village's submission of a full statement of proposed action. Consequently, and contrary to Hillside's argument, the RCDP did not violate General Municipal Law § 239-m(a) simply by agreeing to the stipulation of settlement without issuing a concomitant statement of reasons. The RCDP's motion to dismiss for failure to state a claim upon which relief may be granted is therefore granted.

## Conclusion

For the foregoing reasons, the Court grants RCDP and Mr. Corallo's motion to dismiss. The Clerk of the Court is directed to close docket entry number 7.

*It is so ordered.*

Dated: _June 23_, 2009

White Plains, New York

_____
Stephen C. Robinson
United States District Judge